In re Melanie N. COLLINS, Debtor.

No. 07–27882–jes.

United States Bankruptcy Court, E.D. Wisconsin.

March 18, 2008.

Mont L. Martin, Milwaukee, WI, for Debtor.

## OPINION AND ORDER

JAMES E. SHAPIRO, Bankruptcy Judge.

The issue before this court is a classic illustration of opposing sides arriving at entirely different interpretations of a statute. The statute involved in this case is: 11 U.S.C. § 521(e)(2), which reads as follows:

§ 521(e)(2)

(A) The debtor shall provide—

(I) not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor; a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed; and

(ii) at the same time the debtor complies with clause (I), a copy of such return (or if elected under clause (I), such transcript) to any creditor that timely requests such copy.

(B) If the debtor fails to comply with clause (I) or (ii) of subparagraph (A), the court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor.

(C) If a creditor requests a copy of such tax return or such transcript and if the debtor fails to provide a copy of such tax return or such transcript to such creditor at the time the debtor provides such tax return or such transcript to the trustee then the court shall dismiss the case unless the debtor demonstrates that the failure to provide a copy of such tax return or such transcript is due to circumstances beyond the control of the debtor.

NORDYCO, LLC ("NORDYCO") has filed a motion to dismiss this chapter 13 case alleging that Melanie N. Collins ("debtor") failed to comply with this statute by not providing NORDYCO with a copy of her most recent federal income tax return (or transcript) as required under 11 U.S.C. §§ 521(e)(2)(B) and (C).[1]

The debtor filed her petition in bankruptcy under chapter 13 on October 4, 2007. On October 11, 2007, NORDYCO requested a copy of debtor's most recent federal income tax return (or transcript). On October 18, 2007, the debtor responded that she was under no obligation to provide NORDYCO with her tax return since NORDYCO's request was not timely made because the requested tax return was sent to the chapter 13 trustee on October 5, 2007 (before the debtor received NORDYCO's request for the tax return).

NORDYCO asserts that its request for the tax return was timely made. It contends that this request was made within 7 days before the date first set for the first meeting of creditors, in compliance with § 521(e)(2)(A)(i).

The debtor takes issue with NORDYCO's assertion, submitting that § 521(e)(2)(A)(i) only pertains to the debtor's requirement to turn over her tax return to the trustee within this 7-day time period. The debtor then states that § 521(e)(2)(A)(ii) fixes the deadline for a creditor's request for her tax return (or transcript). Under § 521(e)(2)(A)(ii), the deadline for such creditor's request expires when the debtor's tax return is provided to the trustee.

NORDYCO contends that debtor's argument produces an absurd result because, in some cases, the tax return may have already been turned over by the debtor to

1. Paragraphs 521(e)(2)(B) and 521(e)(2)(C) appear to be duplicative of each other. *Col-* *lier on Bankruptcy,* 15th Ed., Vol. 4, para. 521.20, p. 521–79 n. 4.

the trustee before the creditor received any notice of the bankruptcy filing.

The debtor, in response, agrees that there may be some instances in which a creditor no longer has the ability to utilize § 521(e) to obtain debtor's tax return. The debtor then states that such creditor is not without recourse under these circumstances, because the creditor still has the ability to obtain the tax return by using § 521(g)(2) which provides:

> (g)(2) The tax returns, amendments, and statement of income and expenditures described in subsections (e)(2)(A) and (f) shall be available to the United States trustee (or the bankruptcy administrator, if any), the trustee, and any party in interest for inspection and copying, subject to the requirements of section 315(c) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

Sec. 521(g)(2) does not contain any time limit to obtain the tax return. Moreover, the creditor also has the ability to utilize Bankruptcy Rule 2004(a) to examine the debtor and require the debtor to produce her tax return.

There is no case law on this issue. However, *Collier*, in commenting on when a creditor's request for a tax return is timely, states:

> By the terms of the statute, if the return has already been provided to the trustee, a request from a creditor could not be timely because the debtor could not supply it at the same time the return is provided to the trustee.

*Collier on Bankruptcy*, 15th Ed., Vol. 4, para. 521.20, p. 521–79. *See also*, Henry J. Sommer, *Trying to Make Sense Out of Nonsense: Representing Consumers Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005*, 79 Am. Bankr.L.J. 191, 216 (2005).

Although the legislative history of 11 U.S.C. § 521(e)(2) is sparse, there is language in the report of the Committee on the Judiciary House of Representatives which declares:

> Upon request, the debtor must provide a copy of the tax return or transcript to the requesting creditor *at the time the debtor supplies the return or transcript to the trustee.* (emphasis added)

H.R.Rep. No. 109–31 at 278 (2005). This is a solid indication of the Congressional intent that the deadline for a creditor to request a tax return from a debtor must be made at or before the time the debtor has supplied such return or transcript to the trustee.

The court further concludes that, if § 521(e)(2)(A)(ii) was intended to enable a creditor to request the tax return even after it was supplied to the trustee, so long as that request was "not later than 7 days before the date first set for the first meeting of creditors" (which is the language contained in § 521(e)(2)(A)(i)), it would have used this language instead of using the wording "at the same time." There is a difference in the language in these two subsections, and this difference is significant.

In light of the foregoing and also because (1) NORDYCO has the ability to obtain the requested tax return by other means and (2) dismissing this case would be unduly harsh, the court adopts the debtor's interpretation of 11 U.S.C. § 521(e)(2). Accordingly,

**IT IS HEREBY ORDERED** that NORDYCO's motion to dismiss is **DENIED,** without costs.