### NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   AZ-17-1215-BLKu |
| ) | |
| ROSE A. ROMEO, ) | Bk. No.   2:14-07986-BKM |
| ) | |
| Debtor. ) | |
| _____) | |
| ) | |
| ROSE A. ROMEO, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **M E M O R A N D U M**[1] |
| ) | |
| EDWARD JOHN MANEY, Chapter 13 ) | |
| Trustee, ) | |
| ) | |
| Appellee. ) | |
| _____) | |

Argued and Submitted on February 23, 2018,
at Phoenix, Arizona

Filed - March 23, 2018

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable Brenda K. Martin, Bankruptcy Judge, Presiding

Appearances:    David Allegrucci argued for appellant Rose A. Romeo; Rachel Flinn argued for appellee Edward John Maney, Chapter 13 Trustee.

Before:   BRAND, LAFFERTY and KURTZ, Bankruptcy Judges.

---

[1]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

Chapter 13[2] debtor Rose A. Romeo appeals an order overruling her objection to the motion of the chapter 13 trustee, Edward J. Maney ("Trustee"), for access to Romeo's postpetition Federal income tax return transcripts on file with the court and for turnover of her postpetition State income tax returns. We AFFIRM, in part, and REVERSE, in part.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Romeo, a below median debtor, filed her chapter 13 bankruptcy case on May 27, 2014. The bankruptcy court later entered an order confirming Romeo's chapter 13 plan.

On September 1, 2016, Romeo filed a transcript of her 2015 Federal income tax return with the court.

Thereafter, Trustee filed a motion to allow electronic access to Romeo's 2015 Federal tax return transcript and to order turnover of her 2015 State income tax return to Trustee ("Tax Return Motion"). Trustee cited his statutory duty to investigate Romeo's financial affairs as a chapter 13 debtor as the basis for gaining access to her tax information and argued that he was authorized to receive the information contained in those returns under § 521(g)(2).

Romeo raised two arguments in opposition: (1) neither the Code nor the Final Guidance for Protection of Tax Information, promulgated in March 2015 ("Final Guidance") provided for the allowance of turnover of postpetition State income tax returns;

---

[2] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

and (2) although the Code allowed for Trustee's access to her postpetition Federal income tax returns, he had failed to comply with the Final Guidance by demonstrating a need for the requested tax information; his statutory duty to investigate her financial affairs was insufficient.

While the Tax Return Motion was pending, Romeo filed a transcript of her 2016 Federal income tax return with the court.

At the hearing on the Tax Return Motion, counsel for Trustee explained that a debtor's State income tax returns are needed to ensure that the information being reported in both the Federal and State returns is consistent, and because certain things may appear in a State return that do not appear in a Federal return and vice versa. Counsel argued that the information in postpetition tax returns assists a trustee in carrying out his or her duties of examining the financial affairs of the debtor and can provide a basis for proposing plan modifications or requiring the filing of amended Schedules I and J. The information could also assist in revealing any potential fraud by the debtor.

After hearing argument from the parties, the bankruptcy court determined that Trustee had demonstrated a need for the Federal income tax returns and a need for turnover of the State returns. The court granted Romeo's oral request for stay pending appeal.

The bankruptcy court entered (1) an order granting the Tax Return Motion and (2) an order staying the court's ruling pending appeal. Romeo timely appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

-3-

# III. ISSUES

1. Did the bankruptcy court apply the correct standard of law for allowing Trustee access to Romeo's Federal income tax return transcripts under § 521(g)(2)? And, if so, did the bankruptcy court clearly err in finding that Trustee showed a demonstrated need for them?

2. Did the bankruptcy court err by relying on § 521(g) to order turnover of Romeo's State income tax returns to Trustee?

# IV. STANDARDS OF REVIEW

We review the bankruptcy court's interpretation of the Code de novo. Meruelo Maddux Properties—760 S. Hill Street, LLC v. Bank of Am., N.A. (In re Meruelo Maddux Props., Inc.), 667 F.3d 1072, 1076 (9th Cir. 2012). We review the bankruptcy court's factual findings for clear error. Id. Factual findings are clearly erroneous if they are illogical, implausible, or without support in the record. Retz v. Samson (In re Retz), 606 F.3d 1189, 1196 (9th Cir. 2010).

Whether an issue is ripe for federal adjudication is a question of law reviewed de novo. Municipality of Anchorage v. United States, 980 F.2d 1320, 1322-23 (9th Cir. 1992).

# V. DISCUSSION

**A.   The bankruptcy court properly applied § 521(g)(2) to grant Trustee access to Romeo's Federal income tax return transcripts and did not clearly err in finding that Trustee showed a demonstrated need for them.**

**1.   Governing law**

Romeo does not contest that she was required to file her postpetition Federal income tax returns, or transcripts of such returns, with the court for the tax years during which her chapter

13 case was pending. See § 521(f).[3] She also does not contest that Trustee could access those Federal returns or transcripts upon the proper showing pursuant to § 521(g)(2).

Section § 521(g)(2) provides that "[t]he tax returns, amendments, and statement of income and expenditures described in subsections (e)(2)(A) and (f) shall be available to the United States trustee (or the bankruptcy administrator, if any), the trustee, and any party in interest for inspection and copying, **subject to the requirements of section 315(c) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005**" ("BAPCPA") (emphasis added).

Section 315(c) of BAPCPA mandates that the Director of the

[3] Section 521(f) requires chapter 13 debtors to file with the court their postpetition Federal income tax returns or transcripts (and any amendments thereto) while their chapter 13 case is pending. Specifically, that statute provides, in relevant part:

(f) At the request of the court, the United States trustee, or any party in interest in a case under chapter 7, 11, or 13, a debtor who is an individual shall file with the court—

(1) at the same time filed with the taxing authority, a copy of each Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such tax return) with respect to each tax year of the debtor ending while the case is pending under such chapter;

(2) at the same time filed with the taxing authority, each Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such tax return) that had not been filed with such authority as of the date of the commencement of the case and that was subsequently filed for any tax year of the debtor ending in the 3-year period ending on the date of the commencement of the case;

(3) a copy of each amendment to any Federal income tax return or transcript filed with the court under paragraph (1) or (2)[.]

-5-

Administrative Office of the United States Courts establish procedures for safeguarding the confidentiality of tax information required to be produced under § 521. On September 20, 2005, the Judicial Conference approved interim guidance drafted to implement this statutory directive, effective October 17, 2005, the effective date of BAPCPA. In March 2015, the Director issued the Final Guidance, which established the following procedures for obtaining access to a debtor's tax information filed with the bankruptcy court:

**§ 830.30 Tax Information Disclosure Requests**

To gain access to a debtor's tax information under 11 U.S.C. § 521(f), the United States trustee or bankruptcy administrator, case trustee, and any party in interest, including a creditor, must follow the procedures set forth below.

(a) A written request that a debtor file copies of tax returns with the court under 11 U.S.C. § 521(f) must be filed with the court and served on the debtor and debtor's counsel, if any.

(b) To obtain access to debtor's tax information that is filed with the bankruptcy court, the movant must file a motion with the court, which should include:

(1) a description of the movant's status in the case, to allow the court to ascertain whether the movant may properly be given access to the requested tax information;

(2) a description of the specific tax information sought;

(3) a statement indicating that the information cannot be obtained by the movant from any other source; and

(4) a statement showing a demonstrated need for the tax information[.]

(c) An order granting a motion for access to tax information should include language advising the movant that the tax information obtained is confidential and should condition dissemination of the tax information as appropriate under the circumstances of a particular case.

-6-

At the discretion of the court, the order may state that sanctions may be imposed for improper use, disclosure, or dissemination of the tax information.

Guide to Judiciary Policy, Vol. 4, Ch. 8, found on the public website of the Administrative Office of the United States Courts at: http://www.uscourts.gov/sites/default/files/vol04_ch08.pdf.

Thus, the safeguards set forth in the Final Guidance reflect a strong intention for the court to determine when a trustee's or creditor's need for information is outweighed by the debtor's right to keep that information confidential. See In re Tomer, 508 B.R. 641, 646 (Bankr. W.D. Va. 2014); see also In re Byrne, 2007 WL 2580834, at *2 (Bankr. D. Vt. June 15, 2007)(interpreting the interim guidance).

**2.  Analysis**

The bankruptcy court agreed with Romeo that Trustee was subject to the Final Guidance, and that he had to show more than his general statutory duty of investigating a debtor's financial affairs to meet his burden of showing a "demonstrated need" for Romeo's Federal income tax return transcripts. That was a proper application of § 521(g)(2) with respect to the Federal returns.

Romeo takes issue with the bankruptcy court's finding that Trustee showed a "demonstrated need for the tax information" as required by the Final Guidance. Romeo has not cited, and we could not locate, any published (or unpublished) authority stating what constitutes sufficient evidence to show a demonstrated need for tax information. In his Tax Return Motion, Trustee did not articulate any factual basis for needing Romeo's Federal returns other than his fiduciary duty to investigate her financial affairs. However, at the hearing, Trustee's counsel articulated a

-7-

list of reasons for why they were needed, which the bankruptcy court found established a "demonstrated need" for the Federal returns under § 521(g)(2):

> I agree with you that there needs to be some further demonstration, but [Trustee's counsel] has elaborated to some degree in stating today that the reason for wanting to see it is to confirm that there doesn't need to be a modification to the plan, there doesn't need to be a modification to the amendments, and to confirm the numbers that have been shown to you. That's more of an elaboration than simply an automatic turn it over to me because I have a duty.

Hr'g Tr. (June 13, 2017) 11:7-14.

We conclude that the bankruptcy court's finding that Trustee had shown a "demonstrated need" for accessing Romeo's Federal income tax return transcripts was not illogical, implausible, or without support in the record. In re Retz, 606 F.3d at 1196. Trustee established that the tax information would aid in the administration of the chapter 13 case; it was not being obtained for an improper purpose, such as a discovery tool to assist a creditor with a nondischargeable judgment in aid of collection or to harass the debtor. See In re Tomer, 508 B.R. at 644; In re Byrne, 2007 WL 2580834, at *2.

Romeo's real issue with Trustee having access to her tax information is what he may do with it. Specifically, Romeo complains that Trustee will use the information as a basis for plan modification — i.e., to increase her plan payments. However, the purpose of § 521(f) — added by BAPCPA in 2005 — appears to be to allow interested parties like Trustee to monitor a debtor's financial condition during the pendency of the chapter 13 case and

-8-

to seek plan modification under § 1329[4] if there are material increases in net income that can be captured for contribution. We have held that utilizing a chapter 13 debtor's tax information as a means for plan modification is proper and consistent with the Code:

> The obvious purpose of this self-reporting obligation [in § 521(f) & (g)] is to provide information needed by a trustee or holder of an allowed unsecured claim in order to decide whether to propose hostile § 1329 plan modifications.
>
> This power of the trustee and of creditors holding allowed unsecured claims to request that a confirmed plan be modified by increasing payments in order to capture material increases in net income that occur during the life of the plan is an important feature of chapter 13.

Fridley v. Forsythe (In re Fridley), 380 B.R. 538, 544 (9th Cir. BAP 2007). Accord Danielson v. Flores (In re Flores), 735 F.3d 855, 860 n.7 (9th Cir. 2013); In re Escarcega, 573 B.R. 219, 224 (9th Cir. BAP 2017); In re King, 2010 WL 4363173, at *3 (Bankr. D. Colo. Oct. 27, 2010) (together § 521(f) and § 1329 ensure that debtors repay the maximum they can afford over the course of their chapter 13 case); In re Self, 2009 WL 2969489, at *5 (Bankr. D. Kan. Sept. 11, 2009) (in reading § 1329 together with § 1325 and § 521, it is clear that Congress intended to allow case trustees to seek modifications of plans postpetition in order to address

---

[4] Section 1329 provides, in relevant part:

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, **the trustee**, or the holder of an allowed unsecured claim, to —

(1) **increase or reduce the amount of payments on claims** of a particular class provided for by the plan[.]

11 U.S.C. § 1329(a)(1) (emphasis added).

-9-

changes in disposable income); In re Slusher, 359 B.R. 290, 304 (Bankr. D. Nev. 2007) (stating that § 1329 is bolstered by the reporting requirements of § 521(f)).

To the extent Romeo argues that using her tax information as a means to involuntarily increase her plan payments violates the Thirteenth Amendment to the U.S. Constitution, that issue is not ripe for appeal.

> Ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction. In measuring whether the litigant has asserted an injury that is real and concrete rather than speculative and hypothetical, the ripeness inquiry merges almost completely with standing. As a prudential matter, we will not consider a claim to be ripe for judicial resolution if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all. . . . The prudential considerations of ripeness are amplified where constitutional issues are concerned.

Scott v. Pasadena Unified Sch. Dist., 306 F.3d 646, 662 (9th Cir. 2002) (internal quotation marks and citations omitted). See also Ray Charles Found. v. Robinson, 795 F.3d 1109, 1117 (9th Cir. 2015) ("abstract inquiries about speculative injuries" are not ripe for review).

Here, the constitutional issues are woefully inadequate for adjudication. Because the bankruptcy court issued a stay of its order, Trustee has yet to even gain access to Romeo's Federal income tax return transcripts or receive copies of her State income tax returns. Further, Trustee has not sought modification of Romeo's plan, and he may never do so once he does receive her tax information. Thus, any ruling from the Panel on this issue would be advisory, because the events that might raise a constitutional question are still hypothetical. Accordingly,

-10-

because this issue is not ripe for review, we lack subject-matter jurisdiction to consider it. Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2006) ("If a case is not ripe for review, then there is no case or controversy, and the court lacks subject-matter jurisdiction").

**B.    The bankruptcy court erred by relying on § 521(g)(2) to order turnover of Romeo's State income tax returns to Trustee.**

Romeo argues that the bankruptcy court erred in ordering her to turn over to Trustee her State income tax returns for years 2015 and 2016.  Specifically, she argues that, while § 521(f) requires the filing of postpetition Federal income tax returns or transcripts with the court, it makes no mention of "State" income tax returns.  In addition, she argues, the Final Guidance references only Federal income tax returns or transcripts thereof. See § 830.10(b).  Romeo has not cited, and we could not locate, any published authority addressing this issue.[5]

It appears that the bankruptcy court relied on § 521(g)(2) and the Final Guidance to order turnover of the State income tax returns, given its finding that Trustee had shown a "demonstrated need" for them.

To be sure, § 521(f) references only "Federal" income tax returns.  Section 521(g)(2), which provides for access to an individual debtor's tax information to a party in interest, states that "[t]he tax returns, amendments, and statement of income and

---

[5]  Romeo's counsel raised this issue in In re Ridenhour, 2016 WL 1688734, at *2 (Bankr. D. Ariz. Apr. 25, 2016).  The bankruptcy court sustained the debtors' objection that they were not required to file their postpetition State income tax returns with the court under § 521(f).  However, the debtors and the trustee in that case agreed that the statute did not require it.

-11-

expenditures described in subsections (e)(2)(A) and (f)" shall be available for inspection and copying. Subsections (e)(2)(A) and (f) of § 521 reference only "Federal" income tax returns or transcripts. Therefore, the question is whether § 521(f) includes "State" income tax returns.

The starting point in discerning congressional intent is the existing statutory text. Lamie v. U.S. Tr., 540 U.S. 526, 534 (2004). Our inquiry will "end[] there as well if the text [of the statute] is unambiguous." BedRoc Ltd. v. United States, 541 U.S. 176, 183 (2004). "The preeminent canon of statutory interpretation requires us to 'presume that [the] legislature says in a statute what it means and means in a statute what it says there.'" Id. (alteration in original) (quoting Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992)); In re Meruelo Maddux Props., Inc., 667 F.3d at 1076. If "the statute's language is plain, the sole function of the courts . . . is to enforce it according to its terms." Lamie, 540 U.S. at 534.

As stated above, § 521(f) is silent on whether postpetition "State" income tax returns or transcripts must be filed with the court during the pendency of an individual debtor's case. Notably, a chapter 13 debtor is required under § 1308 — another BAPCPA provision — to file all prepetition Federal, State and local tax returns due for all of the taxable periods ending during the four year period ending on the date the bankruptcy petition was filed. § 1308(a). Specifically, § 1308(c) states that: "For purposes of this section, the term 'return' includes a return prepared pursuant to subsection (a) or (b) of section 6020 of the Internal Revenue Code of 1986, or a similar State or local law, or

-12-

a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal."  In addition, to confirm a chapter 13 plan, § 1325(b)(9) — another BAPCPA provision — requires the debtor to file "all applicable Federal, State, and local tax returns as required by section 1308."

Thus, Congress has been very clear as to when State income tax returns are required under the Code.  If Congress intended that postpetition State income tax returns or transcripts be filed with the court under § 521(f), it could have easily stated so.  The omission of the word "State" in § 521(f) strongly suggests that such tax returns or transcripts are not required to be filed with the court.  Nor would it appear that § 521(g)(2) is the proper authority under which to gain access to them.

Therefore, we believe the bankruptcy court erred in applying § 521(g)(2) to order turnover of Romeo's 2015 and 2016 State income tax returns to Trustee.  Perhaps another means is available for obtaining them, such as Rule 2004 or some other discovery rule.  See In re Collins, 393 B.R. 835, 837 (Bankr. E.D. Wis. 2008); In re Fontaine, 397 B.R. 191, 194 (Bankr. D. Mass. 2008).  However, we make no determination on that.  We do determine, however, that § 521(g)(2) is not the proper means.  Accordingly, we must reverse the bankruptcy court's order to the extent it ordered turnover of the State income tax returns to Trustee.

## VI. CONCLUSION

For the above reasons, we AFFIRM, in part, and REVERSE, in part.